UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL T. BRENSTON, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAMMOND HOUSING AUTHORITY, | ) |
| *et al.*, | ) |
| Defendants. | ) |

****************************************************    No. 2:03 CV 156

| | |
|---|---|
| HAMMOND HOUSING AUTHORITY, | ) |
| | ) |
| Counter-claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL T. BRENSTON, SR., | ) |
| | ) |
| Counter-defendant. | ) |

### MEMORANDUM and ORDER

This matter is before the court on a motion filed by defendant/counter-claimant Hammond Housing Authority ("HHA") requesting either "entry of judgment on the pleadings on its counterclaim" pursuant to FED.R.CIV.P. 12(c), or, in the alternative, that plaintiff/counter-defendant Michael T. Brenston, Sr.'s answer to its counterclaim be struck from the record. For the following reasons, this court shall **DENY** both of HHA's requests.

### I. BACKGROUND

On July 7, 2003, plaintiff/counter-defendant Michael T. Brenston, Sr. filed, *pro se*,

on behalf of himself and his children,[1] a 42 U.S.C. § 1983 action against defendant/counter-claimant HHA and several others. In his complaint, Mr. Brenston alleges that he and his children were wrongly evicted from their home and discriminated against by HHA. (*See* Brenston's Compl., at 6-8). HHA first responded to the suit against it by filing a counterclaim, which is currently the only claim pending in this action.[2] HHA now requests that this court either "enter judgment on the pleadings in favor of [HHA] on its counter claim" pursuant to FED.R.CIV.P. 12(c), or, in the alternative "strike the answer of Michael Brenston, Sr., . . . to [HHA's] counter-claim" from the record pursuant to FED.R.CIV.P. 12(f). (HHA's Mot. for J. on Pleadings/Alt. Mot. Strike [hereinafter Mot. for J. on Pleadings], at 1). The court shall accordingly address the merits of HHA's request. However, this court shall address first what HHA labels as its "alternative request" to strike Mr. Brenston's answer to its counterclaim. Ultimately, should Mr. Brenston's answer be insufficient, then that answer should, of

---

[1] In an Order dated July 26, 2004, this court dismissed, without prejudice, Mr. Brenston's children as plaintiffs to this action; the court noted that Mr. Brenston could not appropriately bring an action *pro se* on behalf of any of his minor and/or adult children. (*See* Order dated July 26, 2004, docket # 38, at 5-6).

[2] HHA was not the only defendant named in Mr. Brenston's complaint. Indeed, Mr. Brenston also named the Department of Housing and Urban Development, Barbara Knox (Director, Midwest HUB), Mayor Duane Dedelow (Mayor of the City of Hammond, Indiana), and the City of Hammond, Indiana as defendants to his § 1983 action. However, in the time since Mr. Brenston first filed his lawsuit, all defendants have been terminated from this case. (*See* Order dated July 9, 2004, docket # 37 (dismissing defendants Knox and HUD); Order dated July 26, 2004, docket # 38 (dismissing HHA); Order dated September 7, 2005, docket # 56 (granting summary judgment in favor of defendants Mayor Dedelow and the City of Hammond)). Consequently, only HHA's counterclaim currently remains pending in this action.

course, be struck from the record; and, as a consequence, ruling on HHA's request for "ent[ry] of judgment on the pleadings on its counterclaim," (HHA's Mot. for J. on Pleadings, at 1), would not be appropriate at this juncture.

## II. MOTION TO STRIKE

Under FED.R.CIV.P. 12(f) a court may, upon motion made by a party within 20 days after the service of a pleading upon that party, strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). HHA has timely filed a motion under FED.R.CIV.P. 12(f) and requests that this court strike Mr. Brenston's entire answer to its counterclaim. HHA argues that Mr. Brenston's answer must be struck because it: (1) fails to comply with FED.R.CIV.P. 8(b) in as far as Mr. Brenston does not, in point-by-point fashion, admit or deny the allegations in HHA's counterclaim; and, (2) fails to comply with FED.R.CIV.P. 8(c) as Mr. Brenston has not set forth, in a clear and concise manner, proper defenses to HHA's claims. (HHA's Mot. for J. on the Pleadings, at 2-5).

There is no question that the form of Mr. Brenston's answer leaves a lot to be desired. His responses are verbose and somewhat argumentative, and he fails to tick off, in an orderly and concise manner, any admissions, denials and/or defenses which ultimately makes his answer somewhat difficult to navigate (although it remains understandable). However, verbosity and "imperfection" in form are not necessarily grounds to strike the pleadings, "especially when those pleadings have been prepared by a *pro se* litigant untutored in the requirements of federal procedural rules." *Fed. Nat'l*

3

*Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990) (italics in original); *accord Pain Prevention Lab v. Elec. Waveform Labs,* 657 F. Supp. 1486, 1491 (N.D. Ill. 1987) (verbose, conclusory and/or unnecessarily argumentative pleading does not necessarily constitute basis for motion to strike); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (liberal reading must be given to the pleadings of *pro se* litigants).

Indeed, FED.R.CIV.P. 12(f) only allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). Moreover, as motions to strike are looked upon with disfavor, "a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Cobb*, 738 F. Supp. at 1224 (citations omitted). Mr. Brenston's answer does not appear to fit within any of the grounds enumerated in FED.R.CIV.P. 12(f). In general, Mr. Brenston's answer to HHA's counterclaim is, despite its prolixity, neither wholly irrelevant nor prejudicial; each of his responses within the answer address – although perhaps in round-about, story-telling manner – the essence of HHA's counterclaim which appears to be that Mr. Brenston's action is frivolous and was brought in bad faith to harass HHA. Accordingly, this court **DENIES** HHA's request to strike Mr. Brenston's answer to its counterclaim.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to FED.R.CIV.P.12(c), HHA requests that this court "enter judgment on

4

the pleadings . . . on its counterclaim." (HHA's Mot. for J. on Pleadings, at 1). In its counterclaim, HHA complains that the instant action filed by Mr. Brenston is frivolous and has been brought solely for "the bad faith purpose of harassing and/or maliciously injuring [HHA]." (HHA's Countercl. ¶ 10). Based upon these complaints, HHA requests attorneys' fees and costs accrued in defending Mr. Brenston's lawsuit. (HHA's Countercl. ¶ 13).

As an initial matter, in the United States, parties are ordinarily required to bear their own attorneys' fees absent some authority which explicitly authorizes the award of such fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Although HHA asserts in its counterclaim that it is entitled to attorneys' fees (presumably because of the (alleged) bad faith actions of Mr. Brenston in bringing an (allegedly) frivolous lawsuit), HHA does not bother to explain from where that entitlement comes. Indeed, HHA does not, either in the counterclaim itself or in its memorandum of law discussing why judgment on the pleadings is seemingly appropriate, specify any case law, statute, other legal authority, or general legal theory which demonstrates that an award of attorneys' fees would be proper should this court reach the merits of HHA's FED.R.CIV.P. 12(c) motion and find in its favor. Of course, the court might make a guess as to the legal basis for HHA's claim for attorneys' fees, but it should not have to do so. It is not this court's responsibility to research the potential legal bases for HHA's request and then link HHA's arguments to those bases. *See Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir. 1996) ("[I]t is not the responsibility

5

nor the role of this court to research and construct the legal arguments open to parties . . ." (internal quotation marks and citation omitted)); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("It is not this court's responsibility to research and construct the parties' arguments." (citations omitted)). Accordingly, as HHA has not set forth a legal basis for the relief it seeks in its counterclaim, this court therefore **DENIES** HHA's motion for judgment on the pleadings.

## IV. CONCLUSION

For the foregoing reasons, this court hereby **DENIES** HHA's "Motion for Judgment on the Pleadings, or in the Alternative, Motion to Strike" (docket # 32).

**SO ORDERED.**

**Enter**: September 9, 2005

____s/Judge James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT